[No. G030094. Fourth Dist., Div. Three. Feb. 3, 2003.]

ISABEL DECKER et al., Plaintiffs and Respondents, v.
THE U.D. REGISTRY, INC., et al., Defendants and Appellants.

## COUNSEL

Enenstein, Russell & Saltz, Michael J. Saltz, Jason M. Russell, Darren S. Enenstein and Jeffrey R. Glassman for Defendant and Appellant The U.D. Registry, Inc.

Harvey A. Saltz, in pro. per., for Defendant and Appellant.

Lakeshore Law Center and Jeffrey Wilens for Plaintiffs and Respondents.

## OPINION

**FYBEL, J.**—The U.D. Registry, Inc. (UDR), and Harvey A. Saltz appeal from an order denying UDR's special motions to strike the complaint pursuant to Code of Civil Procedure section 425.16 (all further code references are to the Code of Civil Procedure unless otherwise indicated) and awarding plaintiffs attorney fees pursuant to subdivision (c) of section 425.16. Section 425.16, commonly referred to as the anti-SLAPP statute,[1] provides for a special motion to strike "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)

We affirm the order denying UDR's special motions to strike because UDR failed to notice a timely hearing on the motions. Section 425.16, subdivision (f) provides that a special motion to strike "shall be noticed for hearing not more than 30 days after service unless the docket conditions of the court require a later hearing." UDR failed to notice its motions for hearing within 30 days of service and failed to show the condition of the trial court's docket required a later hearing. The trial court therefore could not grant the motions.

We dismiss Saltz's appeal because he failed to bring his own motion to strike pursuant to section 425.16 and therefore lacks standing to appeal. We conclude the award of attorney fees was erroneous because the trial court did

---

[1]SLAPP is an acronym for strategic lawsuit against public participation. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1109, fn. 1 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

not articulate the reasons for the order and because the record does not otherwise support an award of attorney fees.

## BACKGROUND

UDR is a consumer credit reporting agency. It collects information about residential tenants and sells the information to its subscribers, mainly landlords and their agents, who use the information to screen prospective tenants. UDR collects information primarily from court records of unlawful detainer actions. Saltz is UDR's president.

Isabel Decker, David Decker, Thomas Miller, Melissa Miller, and Loretta Stockton (plaintiffs) are residential tenants. They alleged, in essence, that UDR disseminated false, misleading, and/or incomplete information about them and that UDR failed to maintain reasonable procedures to update and assure the accuracy of the information it sells. Plaintiffs' core theory is that UDR disseminated reports stating no judgment had been entered with respect to unlawful detainer cases in which a dismissal had been filed.

The complaint asserts class action violations and contains nine causes of action. Three causes of action allege violations of the Consumer Credit Reporting Agencies Act (Civ. Code, § 1785.1 et seq.). One cause of action alleges violations of the Information Practices Act (Civ. Code, § 1798.53), and another alleges unfair competition under Business and Professions Code section 17200. The remaining causes of action are for negligence, defamation, invasion of privacy (false light), and invasion of privacy (disclosure of private facts).

On September 5, 2001, UDR served three special motions to strike the complaint pursuant to section 425.16. Each motion was addressed to a different group of plaintiffs. The motions were noticed for hearing on October 24, 2001. Saltz did not file his own motion to strike, but filed notices that he joined in UDR's motions, which asked for relief only in favor of UDR.

Plaintiffs opposed the motions to strike. They argued the motions lacked merit and that the hearing on the motions was not timely under section 425.16, subdivision (f). Plaintiffs sought $9,000 in sanctions on the ground the motions were frivolous.

The trial court heard the motions on October 24, 2001. On November 15, an order was signed and entered denying the motions. In the order, the court found the motions were frivolous and awarded plaintiffs $2,400 in attorney fees. UDR and Saltz timely appealed.

DISCUSSION

I.

*UDR's Special Motions to Strike Were Not Noticed for a Timely Hearing Because They Were Not Noticed for Hearing Within 30 Days of Their Service, and UDR Failed to Show Docket Conditions Required a Later Hearing.*

■ The anti-SLAPP statute provides that a cause of action arising out of an act of the defendant in furtherance of the exercise of the constitutional right of petition or free speech is subject to a special motion to strike. (§ 425.16, subd. (b)(1).) "The Legislature enacted the anti-SLAPP statute to protect defendants, including corporate defendants, from interference with the valid exercise of their constitutional rights, particularly the right of freedom of speech and the right to petition the government for the redress of grievances." (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.4th 227, 235 [118 Cal.Rptr.2d 313].)

■ Subdivision (f) of section 425.16 provides specific time deadlines for bringing a special motion to strike. Subdivision (f) consists of these two sentences: "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be noticed for hearing not more than 30 days after service unless the docket conditions of the court require a later hearing."

UDR's special motions to strike were timely under the first sentence of subdivision (f) of section 425.16 because they were filed within 60 days of service of the complaint. The motions were not noticed for a timely hearing, however, under the second sentence of subdivision (f). UDR served the anti-SLAPP motions on September 5, 2001. They were noticed for hearing for October 24, 2001—more than 30 days later.

UDR failed to show that the trial court's docket conditions required a hearing beyond the 30-day deadline. In its moving papers, UDR did not attempt to show the condition of the trial court's docket required a later hearing. When plaintiffs opposed the motions on the ground of improper notice, UDR submitted an attorney declaration to the trial court offering this explanation: "Said motion was set with the assistance of the Court clerk. Upon my telephonic request, the Court clerk informed me of various dates the Court would be able to hear the three motions in this case. I then coordinated said dates with the dates of availability of all Defendants. October 24th, 2001 was [the] earliest option under the circumstances."

This declaration does not show that *docket conditions* required a later hearing, as subdivision (f) of section 425.16 requires. The declaration does not state that October 24 was the earliest date available on the court's calendar. The declaration establishes only that UDR selected the October 24 date for the defendants' convenience. Subdivision (f) of section 425.16 does not identify a party's convenience as a ground for hearing a special motion to strike more than 30 days after service.

The anti-SLAPP statute must be construed according to the plain meaning of its terms. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 59 [124 Cal.Rptr.2d 507, 52 P.3d 685].) Our conclusion that UDR's motions were not noticed for a timely hearing is based upon reading the plain language of subdivision (f) of section 425.16. The word "shall" generally connotes a mandatory obligation. (*Abbett Electric Corp. v. Storek* (1994) 22 Cal.App.4th 1460, 1469-1470 [27 Cal.Rptr.2d 845].) "Thus, 'in most cases,' the Legislature's use in a statute of the word 'shall' indicates that the statute's 'provisions are mandatory. . . .' " (*Id.* at p. 1470.) Under subdivision (f) of section 425.16, UDR had a mandatory obligation to notice its special motions for hearing within 30 days of service unless the condition of the trial court's docket required a later hearing.

The word "shall" has on occasion been construed as permissive. (*Hogya v. Superior Court* (1977) 75 Cal.App.3d 122, 134 [142 Cal.Rptr. 325].) But consideration of the second sentence of section 425.16, subdivision (f) in the context of the statute as a whole (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 60), and in light of its history, supports our interpretation of "shall" in subdivision (f) of section 425.16 as mandatory.

In the original anti-SLAPP statute, enacted in 1992, the requirement that the motion be noticed not more than 30 days after its service was part of section 425.16, former subdivision (g), which also required a stay of discovery upon filing the notice of motion. (§ 425.16, former subd. (g), Stats. 1992, ch. 726, § 2, pp. 3523-3524.) Former subdivision (g) of section 425.16 read: "All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The motion shall be noticed for hearing not more than 30 days after service unless the docket conditions of the court require a later hearing. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision." The import of former subdivision (g) of section 425.16 is that the Legislature required a prompt hearing on the special motion to avoid a prolonged discovery stay.

The Legislature amended section 425.16 in 1997 to move the notice of hearing requirement from subdivision (g) to subdivision (f). (Stats. 1997, ch.

271, § 1.) The discovery stay of subdivision (g) remained in place. (Stats. 1997, ch. 271, § 1.) In the 1997 amendments, the Legislature added to subdivision (a) the sentence, "To this end, this section shall be construed broadly." (Stats. 1997, ch. 271, § 1.)

The 1997 amendments to section 425.16 are significant for three reasons. First, the Legislature placed the notice of hearing requirement in subdivision (f), juxtaposed against the discretionary "may" of the 60-day filing require-ment, but did not alter the word "shall" in the notice of hearing requirement. As constituted after the 1997 amendments, subdivision (f) consists of two sentences, the first using the word "may," and the second using the word "shall." This contrast in word selection within the same subdivision demon-strates the Legislature knew the difference between the discretionary "may" and the mandatory "shall," and intended them to have such different mean-ings. (*Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1117 ["Where different words or phrases are used in the same connection in different parts of a statute, it is presumed the Legislature intended a different meaning"].)

Second, in the 1997 amendments to section 425.16, the Legislature dealt with the word "shall" in two places (subds. (a) & (f)), indicating the Legislature intended a consistent meaning. It is logical and consistent with the structure of section 425.16 that the word "shall" connote a mandatory obligation throughout the statute.

Third, while the notice of hearing requirement changed position, its justification (the need for prompt resolution due to the discovery stay) remained intact.

UDR and Saltz argue the time frames of subdivision (f) of section 425.16 must be broadly construed. They rely upon *Lam v. Ngo* (2001) 91 Cal.App.4th 832 [111 Cal.Rptr.2d 582], in which a panel of this court correctly concluded "[c]learly, the 60-day time period set forth in subdivi-sion (f) of section 425.16 is not jurisdictional." (*Id.* at p. 840.) *Lam* analyzes only the first sentence of subdivision (f). Because the first sentence uses the word "may," not "shall," *Lam*'s reasoning supports the conclusion UDR's motions were not noticed for a timely hearing. The *Lam* panel observed "[t]he nonjurisdictional nature of the time limit is also emphasized by the permissive 'may' in the setting forth of the time limit ('The special motion may be filed')." (*Lam v. Ngo, supra,* 91 Cal.App.4th at p. 840.) In contrast, the jurisdictional nature of the second (and last) sentence of subdivision (f) of section 425.16 is emphasized by use of the mandatory "shall" in setting forth the time limit ("The motion shall be noticed for hearing").

UDR's broad construction argument ultimately is self-defeating. UDR's argument is derived from section 425.16, subdivision (a), which states, "this section *shall* be construed broadly." (Italics added.) As explained above, in amending section 425.16 in 1997, the Legislature intended "shall" to have the same mandatory meaning in both subdivisions (a) and (f) of section 425.16. By using the word "shall" in subdivision (a), the Legislature requires a broad construction of section 425.16. By using "shall" in the second sentence of subdivision (f), the Legislature requires that a special motion be noticed for hearing not more than 30 days after service of the motion, unless the moving party establishes the trial court's docket conditions require a later hearing.

Consistent with legislative mandate, we broadly construe subdivision (f) of section 425.16. But requiring a broad construction does not permit us to ignore the plain statutory language or reach inconsistent meanings of the word "shall." The anti-SLAPP statute must be construed by its terms according to " 'the plain meaning of the actual words of the law.' " (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th 53, 59.) The plain meaning of "shall" is that it is mandatory. As explained above, interpreting "shall" in subdivision (f) of section 425.16 as mandatory advances the legislative purpose of requiring a prompt hearing on the motion so as not to prolong the discovery stay. Interpreting "shall" in subdivision (f) as mandatory also advances the legislative purpose of creating a prompt and efficient means for terminating claims improperly aimed at the exercise of free speech or the right of petition. (*Lam v. Ngo, supra,* 91 Cal.App.4th at p. 842.)

Any ambiguity in the anti-SLAPP statute must be resolved in favor of a resolution on the merits (*Lam v. Ngo, supra,* 91 Cal.App.4th at p. 842), but we find no ambiguity. The word "shall" in section 425.16, subdivision (f), is mandatory. UDR failed to notice its special motions to strike for a hearing date "not more than 30 days after service" of the motions, and failed to show "the docket conditions of the court require[d] a later hearing." (§ 425.16, subd. (f).) The trial court therefore could not grant UDR's special motions to strike. Accordingly, we affirm the order denying UDR's special motions without expressing an opinion on their merit.

## II.

### *Saltz Has No Standing to Appeal Because He Did Not Bring His Own Special Motion to Strike.*

■ Plaintiffs contend Saltz "waived" any issue as to his personal liability by failing to bring his own special motion to strike. We conclude Saltz's failure to bring his own motion to strike results in lack of standing to appeal.

Saltz did not bring his own special motion to strike but joined in UDR's motions. The joinder is not in the form of a motion and does not present any evidence or argument. In the analogous situation of a motion for summary judgment, we concluded a notice of joinder does not alone constitute a motion. (*Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 46-47 [123 Cal.Rptr.2d 555].) We hold the same is true for a special motion to strike under section 425.16.

Saltz argues that "standard practice" permits parties to join in each other's arguments. That is generally correct. (E.g., *People v. Escobar* (1996) 48 Cal.App.4th 999, 1006, fn. 1 [55 Cal.Rptr.2d 883] [appellants joining in each others' arguments "as if formally raised in the respective briefs"]; *Save San Francisco Bay Assn. v. San Francisco Bay Conservation etc. Com.* (1992) 10 Cal.App.4th 908, 919 [13 Cal.Rptr.2d 117] [separate appellate briefs joining in the arguments of the other].) But joining in an argument is different from joining in a motion. Saltz did not file a motion seeking relief on his own behalf with a joinder in UDR's arguments; he only filed a joinder in UDR's motion to strike the complaint as to UDR.

Because Saltz did not bring his own special motion to strike, he is not bound—for better or for worse—by the order denying UDR's motions. He also has no standing to appeal. (§ 902; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736 [97 Cal.Rptr. 385, 488 P.2d 953].) Saltz's appeal is therefore dismissed.

### III.

*The Order Fails to State the Facts and Circumstances Justifying the Award of Attorney Fees, and the Record Does Not Support an Award of Attorney Fees.*

Section 425.16, subdivision (c) provides "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." The trial court found UDR's motions were "frivolous" and awarded plaintiffs the sum of $2,400 in attorney fees. We review orders regarding sanctions under section 128.5 for abuse of discretion. (*Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337, 1345 [115 Cal.Rptr.2d 82].)

UDR argues the trial court failed to recite in detail the conduct or circumstances justifying the order. We agree. Attorney fees under section 425.16 are awarded "pursuant to Section 128.5." (§ 425.16, subd. (c).)

Section 128.5 states "[a]n order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." (§ 128.5, subd. (c).)

Section 128.5 states it applies only to "actions or tactics" arising from "a complaint filed, or a proceeding initiated, on or before December 31, 1994." (§ 128.5, subd. (b)(1).) Despite that restriction, section 425.16, subdivision (c) states that attorney fees to a prevailing party on a special motion to strike are awarded "pursuant to Section 128.5." This passage was part of the original anti-SLAPP statute and has remained unchanged. (Stats. 1992, ch. 726, § 2, pp. 3523-3524.) We do not read section 425.16, subdivision (c) as resuscitating section 128.5. Rather, we believe the reference to section 128.5 in section 425.16, subdivision (c) means a court must use the procedures and apply the substantive standards of section 128.5 in deciding whether to award attorney fees under the anti-SLAPP statute.

In the order awarding plaintiffs their attorney fees, the trial court stated only that UDR's motions were "frivolous." This is insufficient. The court's written order "should be more informative than a mere recitation of the words of the statute." (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 996 [35 Cal.Rptr.2d 93].)

The usual remedy when a sanctions order fails to comply with subdivision (c) of section 128.5 is remand for the trial court either to enter a new order or to vacate the attorney fees award. (*Childs v. PaineWebber Incorporated, supra,* 29 Cal.App.4th at p. 997.) We decline to do so because, we conclude, the record does not support an award of attorney fees under the frivolousness and delay standards of sections 425.16 and 128.5.

The trial court did not find, and the record does not disclose, any evidence that UDR brought the motions to strike solely to cause unnecessary delay or to harass plaintiffs.

The record does not support a finding of frivolousness. ■ A determination of frivolousness requires a finding the motion is "totally and completely without merit" (§ 128.5, subd. (b)(2)), that is, "any reasonable attorney would agree such motion is totally devoid of merit." (*Karwasky v. Zachay* (1983) 146 Cal.App.3d 679, 681 [194 Cal.Rptr. 292].) ■ An anti-SLAPP motion is analyzed in two parts. First, the moving party bears the burden of making a threshold showing that the plaintiff's claim is subject to section 425.16. (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 67; *Lam v. Ngo, supra,* 91 Cal.App.4th at p. 845.) Plaintiffs have never contended UDR failed to meet this burden. Second, if the moving

party makes that prima facie case, then the burden shifts to the plaintiff to establish a probability the plaintiff will prevail on the claim. (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 67; *Lam v. Ngo, supra,* 91 Cal.App.4th at p. 845.) ▇▇▇ Although we express no opinion on the merit of the special motions to strike, our review of the briefs and the record leads us to conclude UDR's arguments in response to plaintiffs' evidence submitted on the probability of prevailing were not "totally and completely without merit." (§ 128.5, subd. (b)(2).).

Consequently, we conclude that although UDR's special motions to strike were not noticed for a timely hearing, they were not sanctionable.

### DISPOSITION

We direct the trial court to modify the order denying UDR's special motions to strike under section 425.16 by vacating the award of attorney fees. As modified, the order is affirmed. Saltz's appeal from the order denying UDR's special motions to strike is dismissed. In the interests of justice, no party shall recover costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.

A petition for a rehearing was denied March 11, 2003, and on February 11, 2003, the opinion was modified to read as printed above.