Filed 7/25/25  Crupi v. Barkhordarian Law Firm CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| ANNUNZIATA CRUPI, | B343414 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 23SMCV05527) |
| v. | |
| BARKHORDARIAN LAW FIRM, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Dismissed in part and Affirmed in part.

Annunziata Crupi, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Marta Alcumbrac, Mark Schaeffer and Howard Smith for Defendant and Respondent.

## INTRODUCTION

Appellant Annunziata Crupi (Crupi) sued her former counsel, respondent Barkhordarian Law Firm (Barkhordarian) over their handling of her legal claims against the University of Southern California (USC). Crupi now appeals two interlocutory orders issued by the trial court: one that sustained Barkhordarian's demurrer to three of Crupi's four causes of action, and another compelling Crupi to respond to Barkhordarian's discovery requests and pay sanctions. We conclude that only the order to pay sanctions is currently appealable, and that the trial court did not abuse its discretion in making that order. Therefore, we affirm the sanctions order and dismiss the balance of the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Crupi hired Barkhordarian to sue her employer, USC, for wrongful termination. According to Crupi, Barkhordarian made various errors in handling her case; these alleged errors included initiating arbitration rather than filing the action in court, reaching an unfavorable settlement agreement, providing one-way discovery to USC, and failing to communicate with Crupi. Crupi, acting in propria persona, filed a complaint against Barkhordarian, asserting causes of action for legal malpractice, "breach of duty," "fee dispute," and breach of contract.

### I.    *Demurrer*

On March 25, 2024, Barkhordarian demurred to the complaint, arguing that Crupi had failed to state facts sufficient to support any cause of action against it. Barkhordarian also moved to strike certain allegations from the complaint. The demurrer and motion to strike were set for April 24, 2024.

On April 16, 2024, Crupi filed a "Request for Continuance and for Late Filing," complaining that she had not received the demurrer papers and would not be available on the scheduled hearing day. On April 24, 2024, the date of the demurrer hearing, Crupi filed an ex parte application seeking to "dismiss" the demurrer for improper service.

The trial court denied Crupi's ex parte application and rejected her request for continuance. It overruled the demurrer to Crupi's first cause of action for malpractice, but sustained the demurrer to the remaining causes of action without leave to amend. It also granted the motion to strike.

On May 23, 2024, Crupi filed a motion to vacate the court's ruling on the demurrer. The court denied that motion as well, finding it was a mistitled motion for reconsideration, and had been untimely filed.

## II.    *Discovery*

On June 18, 2024, Barkhordarian served its first set of discovery[1] on Crupi. In response, on July 17, 2024, Crupi filed a notice stating she was "unable to find the physical time to properly take vision of and respond to those requests" but would respond "when time and financial resources will allow, and hopefully within the next 6 months." On October 4, 2024, in advance of an Informal Discovery Conference (IDC), Crupi filed a document titled "Plaintiff's Objection to Defendant's First Set of Discovery Requests and to Informal Discovery Conference."

In that document, Crupi said she still hadn't had time to read the discovery requests and responding to them would take thousands of hours.

---

[1]     This set contained the standard four types of discovery: form interrogatories, special interrogatories, requests for production, and requests for admissions.

She then offered a series of "specific objections" to all the requests, some of which were standard evidentiary objections (e.g., "argumentative," "vague," and "irrelevant") and some of which were not (e.g., "criminal" and "impossible").

The IDC was held on October 17, 2024. The next day, Barkhordarian filed motions to compel initial responses to its form and special interrogatories and requests for production, and to deem its requests for admissions admitted by Crupi. Each of the four motions requested $3,305 in monetary sanctions.

On January 7, 2025, the court heard and granted these motions, directing Crupi to respond to the form and special interrogatories and requests for production within 20 days, and ordering that Barkhordarian's requests for admissions be deemed admitted by Crupi. The court awarded Barkhordarian $2,656 in monetary sanctions on the motion to deem requests for admissions admitted, and $2,007 in monetary sanctions for each of the other three motions, for a total sanctions award of $8,677.

Crupi filed three notices of appeal, one on January 8, 2025, and two on January 13, 2025. Other than the dates of filing and signature, and notations about a fee waiver, the notices are identical. The opening brief clarifies that Crupi intends to appeal the trial court's orders of April 24, 2024 (sustaining the demurrer in part and granting the motion to strike) and January 7, 2025 (granting the discovery motions and awarding sanctions).[2]

---

[2] Crupi makes a series of other requests as well, asking this court to, among other things, direct Barkhordarian to respond to Crupi's discovery requests, order the recusal of the trial judge, order the disbarment of opposing counsel, and take various actions against employees of this court and the trial court. These requests are denied.

4

## DISCUSSION

I.    *Appealability*

Barkhordarian has filed a motion to dismiss Crupi's appeal of the trial court's order directing Crupi to respond to Barkhordarian's discovery requests.  It also argues in its briefing that the order sustaining the demurrer in part and granting the motion to strike is not appealable.  Crupi, in turn, has filed a motion to remove one of Barkhordarian's counsel from the case, strike the motion to dismiss, and award various sanctions.  Because we conclude that only the trial court's award of monetary sanctions is currently appealable, we grant Barkhordarian's motion.  Crupi's motion is denied.[3]

A.    *Order of April 24, 2024*

"[A]n order sustaining a demurrer is not appealable.  [Citation.]  An appeal can only be taken after the court enters judgment." (*Cardenas v. Horizon Senior Living, Inc.* (2022) 78 Cal.App.5th 1065, 1069.)  This rule may only be overlooked, "in the interest of judicial economy," when the trial court has sustained a demurrer to every cause of action.  (*Ibid.*; *Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.)  That did not happen here.  The trial court sustained Barkhordarian's demurrer to only three of Crupi's four causes of action.  No final judgment has been entered.  Therefore, the trial court's order sustaining the demurrer is not yet appealable.

Likewise, an order granting a motion to strike portions of a complaint can only be appealed after a final judgment, unless the practical effect of the

---

[3]    Crupi filed a subsequent motion to remove one of Barkhordarian's counsel, strike his request for an extension of time, and award various sanctions.  That motion is also denied.

5

order is to dismiss the action. (*Walnut Producers of California v. Diamond Foods, Inc.* (2010) 187 Cal.App.4th 634, 641.) Crupi does not argue that the motion to strike resulted in effective dismissal of her case. Therefore, the court's order granting the motion to strike is not yet appealable.

Even if some aspect of the order issued April 24, 2024, was immediately appealable, Crupi's appeal was untimely. Crupi had, at most, 180 days after the order was entered, or until October 21, 2024, to appeal. (Cal. Rules of Court, rule 8.104(a)(1)(C).) Failure to appeal within that time deprives this court of jurisdiction to hear the appeal. (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762.)

### B. *Order of January 7, 2025*

"Generally, discovery orders are not appealable." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 647.) However, an order awarding monetary sanctions of more than $5,000 is appealable. (Code Civ. Proc., § 904.1, subd. (a)(11); *Manlin v. Milner* (2022) 82 Cal.App.5th 1004, 1022.)[4] Where a discovery order is accompanied by an award of monetary sanctions, our review is limited to the sanctions award; "we review the merits of related orders only to the extent necessary to resolve the challenge to the appealable monetary sanctions." (*Tedesco v. White* (2023) 96 Cal.App.5th 1090, 1097 (*Tedesco*).)

Crupi does not dispute that she failed to timely respond to Barkhordarian's discovery requests. When a party does not timely respond to requests for admission, an award of monetary sanctions is "mandatory." (§ 2033.280, subd. (c).) The same is true where a party does not timely

---

[4] All future statutory references are to the Code of Civil Procedure, unless otherwise specified.

6

respond to interrogatories or requests for production, unless "the one subject to the sanction acted with substantial justification or . . . other circumstances make the imposition of the sanction unjust." (§§ 2030.290, subd. (c), 2031.300, subd. (c).) Because an award of sanctions is mandatory here, no merits review of the trial court's orders compelling discovery responses is necessary.

## II. *Discovery Sanctions*

We review the trial court's sanctions award for abuse of discretion. (*Tedesco, supra,* 96 Cal.App.5th at p. 1097.) We see no such abuse here.

Crupi does not directly challenge the amount of the court's sanctions order. Instead, she first argues that under section 2033.280[5] the court may not impose sanctions if a party's failure to respond to requests for admission is due to circumstances beyond the party's control. But no such exception appears in section 2033.280. In fact, no exception at all appears there: "[i]t is mandatory that the court impose a monetary sanction . . . on the party or attorney, or both, whose failure to serve a timely response to requests for admission necessitated this motion." (§ 2033.280, subd. (c).)

Next, Crupi argues the court has discretion to reduce sanctions to make them proportionate to the offense, and to account for any hardship the sanctioned party may be facing. She cites a list of authorities for the proposition that an award of $9,000 against a litigant "facing financial distress" may be excessive. Two of these authorities deal with statutes and

---

[5] The citation given in the brief is to section 2033.250, which gives the party receiving requests for admissions 30 days to serve responses. We assume this citation was a typographical error.

7

issues not implicated here.[6]  The rest do not appear to exist.[7]  In the absence of on-point authority, we conclude the trial court is not bound by the rule Crupi proposes.

Further, Crupi contends that Barkhordarian engaged in discovery abuse in violation of section 2023.030 and various other statutes.  That is beyond the scope of this appeal.  Crupi appealed the trial court's orders issued April 24, 2024 and January 7, 2025, neither of which included a motion seeking relief against Barkhordarian.

When we review for abuse of discretion, the question before us is whether there was support for what the court did, not whether the court could have done something else.  (*Tedesco, supra,* 96 Cal.App.5th at pp. 1097–1098.)  Here, the court's order is supported by undisputed facts: Crupi did not timely respond to Barkhordarian's discovery requests, the applicable statutes require an award of monetary sanctions, and the trial court calculated that award by determining counsel's reasonable hourly rate and the reasonable

---

[6]     *Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804 discussed section 128.5 and whether that statute covered lawsuits filed after 1994.  *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 discussed section 907 and penalties for filing frivolous appeals.

[7]     Crupi cites "*Griggs v. BIC Corp.* (2001) 197 F.3d 758 (9th Cir.); *Roth v. Moser* (1995) 33 Cal.App.4th 1116; *Cohen v. Kiefer* (1987) 198 Cal.App.3d 800; *Lozano v. The City of Long Beach* (2004) 118 Cal.App.4th 181; *St. James Church of Christ v. Superior Court* (2005) 130 Cal.App.4th 1408; *Kramer v. K-Mart Corporation* (2000) 108 Cal.App.4th 201."  The citations given do not lead to cases bearing these names.  While some cases bearing these names can be found, they are either decades older than the citation specifies (i.e., *St. James Church of Christ Holiness v. Superior Court* (1955) 135 Cal.App.2d 352) or from a different jurisdiction than the one indicated (i.e., *Griggs v. BIC Corp.* (3rd Cir. 1992) 981 F.2d 1429 and *Kraemer v. K-Mart Corp.* (1996) 226 A.D.2d 590).

number of hours spent bringing the appropriate motions.  There is no abuse of discretion here.

## DISPOSITION

The appeal from the order issued April 24, 2024, is dismissed.  The appeal from the order issued January 7, 2025, directing Crupi to respond to discovery, is dismissed.  The trial court's order awarding sanctions is affirmed.  Barkhordarian shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


MORI, J.


TAMZARIAN, J.

9