ST. PAUL FIRE & MARINE INSURANCE COMPANY and United States Fidelity and Guaranty Company, Plaintiffs–Appellees,

v.

VEDATECH INTERNATIONAL, INC., et al., Defendants–Appellants.

St. Paul Fire & Marine Insurance Company and United States Fidelity and Guaranty Company, Plaintiffs–Appellees,

v.

Vedatech International, Inc., et al, Defendants–Appellants.

Vedatech Inc., Vedatech K.K., and Mani Subramanian, Plaintiffs–Appellants,

v.

St. Paul Fire and Marine Insurance Company, United States Fidelity and Guarantee Company, Qad Inc., Qad Japan K.K., and Randall Wulff, Defendants–Appellees.

Nos. 05–16255, 05–16261, 05–16405.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed July 19, 2007.

589

James S. Greenan, Esq., Enoch Wang, Esq., Greenan Peffer Sallander & Lally LLP, San Ramon, CA, for Plaintiff–Appellee.

James S. Knopf, Esq., Law Offices of James S. Knopf, San Mateo, CA, Robert L. Oca, Esq., Christina M. Gonzaga, Esq., San Francisco, CA, for Defendant–Appellant.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

This is a consolidated appeal that began as a state court insurance coverage action that was twice removed to federal court. Vedatech International Inc., Vedatech Inc., Vedatech K.K. and *pro se* defendant Mani Subramanian (collectively "Appellants") appeal the district court's remand orders, its order granting attorneys' fees to St. Paul Fire & Marine Insurance Company ("St.Paul"), its order sanctioning Appellants' attorney and Subramanian, and its dismissal of Appellants' claims that arose from a mediation among the parties. We affirm.

### 1. Standard of Review for Remand Orders

■ Appellants argue that the Ninth Circuit should employ a good faith analysis when reviewing remand orders. *See, e.g., Archuleta v. Lacuesta,* 131 F.3d 1359, 1362 (10th Cir.1997). However, the Supreme Court has held that "remands based on grounds specified in § 1447(c) are immune from review." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). The district court remanded because no federal question existed, which is a ground enumerated in § 1447(c). Therefore, Appellants' argument is without merit.

### 2. Attorneys' Fees

■ The district court has discretion to order attorneys' fees for an improperly removed case, and it did not abuse that discretion here. *See Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447

(9th Cir.1992). Notably, Appellants' central argument in favor of removal of district court cases 04–1818 and 04–1403 was fully adjudicated in the district court and in this court in earlier proceedings related to district court cases 04–1035 and 04–1806.

### 3. Sanctions for Second Notice of Removal

■ "The imposition of Rule 11 sanctions ... requires only a showing of objectively unreasonable conduct." *In re De-Ville,* 361 F.3d 539, 548 (9th Cir.2004). Here, Appellants' conduct was objectively unreasonable, as they filed the second notice of removal before the first notice of removal had been adjudicated and, thus, at a time when the court lacked any ability to act on the notice at all. *See* 28 U.S.C. § 1446(d). The removal they filed was hundreds of pages in length and did nothing more than duplicate arguments from the initial removal.

### 4. Retrospective Rule 11 Motions

Appellants argue that it was impermissible for the district court to invite St. Paul to file Rule 11 motions. Rule 11(c)(1)(B) allows the court to initiate sanctions on its own; therefore, the district court did not err by inviting the filing of motions for sanctions.

### 5. *Colorado River* Stay

■ The district court declined to adjudicate Appellants' insurance bad faith claim under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), because essentially the same claims were

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

pending in state and federal court. All the parties, issues, and governing law are the same in both suits. The state court obtained jurisdiction two years prior to the federal court. Certainly, the state court could adequately protect Appellants' rights. The district court properly determined that a stay was appropriate. *See Holder v. Holder*, 305 F.3d 854, 863 (9th Cir.2002); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir.1997).

## 6. Injunctive and Declaratory Relief

 The district court correctly rejected the Appellants' claim for injunctive relief as no cause of action existed under California law. *See MaJor v. Miraverde Homeowners Ass'n, Inc.*, 7 Cal.App.4th 618, 623, 9 Cal.Rptr.2d 237 (1992). Because the requests for declaratory relief are all related to the contractual rights at issue before the state court, it was within the district court's discretion to decline the parties' requests. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

## 7. State Tort Law Claims

 The district court correctly dismissed Appellants' fraud and negligent misrepresentation claims against St. Paul and mediator Randall Wulff, as well as Appellants' constructive fraud, conspiracy to commit fraud, and unfair competition claims against QAD. As to the three fraud-related claims, the district court correctly found no causal connection between the fraud alleged and any "harm" allegedly sustained by Appellants. *Wilkins v. Nat'l Broadcasting Co.*, 71 Cal.App.4th 1066, 1081, 84 Cal.Rptr.2d 329 (1999) (noting that "resulting damages" must be alleged

to make out cause of action for fraud); *Hurvitz v. St. Paul Fire & Marine Ins., Co.*, 109 Cal.App.4th 918, 929–30, 135 Cal. Rptr.2d 703 (2003) (holding that insurer may settle claims on insured's behalf without insured's consent at least where the insurance policy does not provide otherwise).[1] As to the negligent misrepresentation claims, the district court correctly found that the misrepresentation complained of by Appellants—i.e., that St. Paul and Wulff never told Appellants that Wulff was a "biased" mediator who had worked with St. Paul before—was an *omission*, not an affirmative misstatement, and that California negligent misrepresentation law covers only the latter. *See Vega v. Jones, Day, Reavis & Pogue*, 121 Cal.App.4th 282, 290, 17 Cal.Rptr.3d 26 (2004). As to the unfair competition claim, the district court correctly found that the relief Appellants requested—i.e., "restitution" of the $500,000 QAD received as a result of the settlement—is unavailable to Appellants under California law. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003) (holding that plaintiff cannot recover damages under Cal. Bus. & Prof.Code § 17200 unless plaintiff has "an ownership interest in the money it seeks to recover").

## 8. Leave to Amend

 The district court did not abuse its discretion by dismissing Vedatech's first amended complaint without leave to amend. Appellants filed an initial complaint to which St. Paul and the QAD parties responded. Appellants then filed the first amended complaint. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has pre-

---

1. The district court also correctly found that the constructive fraud claim against QAD should be dismissed because that claim can only be sustained against *fiduciaries*, and

QAD stood in an *adversarial*, rather than a fiduciary, position with respect to Appellants. *See Tyler v. Children's Home Soc'y*, 29 Cal. App.4th 511, 548, 35 Cal.Rptr.2d 291 (1994).

viously amended the complaint." *Sisseton–Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir.1996).

### 9. Section 1927 Sanctions

■ 28 U.S.C. § 1927 provides that "[a]ny attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Given the district court's first hand perspective on the numerous motions for extensions of time and errata briefs filed by Appellants, along with Subramanian's own admission that his filings against the mediator "were incomplete and inaccurate," the district court did not abuse its discretion in imposing sanctions under § 1927. *Cf. Grid Systems Corp. v. John Fluke Mfg. Co., Inc.,* 41 F.3d 1318, 1319 (9th Cir.1994).

### 10. Private Mediator Immunity

■ As this is a diversity action, *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires the application of California law. California law affords quasi-judicial immunity to people who "fulfill quasi-judicial functions intimately related to the judicial process." *Howard v. Drapkin,* 222 Cal.App.3d 843, 847, 271 Cal.Rptr. 893 (1990); *see also Asmus v. Pac. Bell,* 23 Cal.4th 1, 6, 96 Cal.Rptr.2d 179, 999 P.2d 71 (2000) (indicating that decisions from both the California Supreme Court *and* the California Court of Appeal are "controlling precedent" for federal courts in diversity cases); *Great W. Shows, Inc. v. L.A. County,* 229 F.3d 1258, 1259 (9th Cir.2000) (same). A mediator, such as Randall Wulff, "fulfilling a quasi-judicial function intimately related to the judicial process" qualifies for such immunity. *Id.* at 854, 271 Cal.Rptr. 893.

### 11. Private Mediator Sanctions under Rule 11

Wulff described himself as a "court-appointed" mediator throughout his motion to dismiss. This was not a bad faith misrepresentation. Appellants offer no compelling argument why someone who was a court-appointed mediator could not refer to himself as such in court documents. The district court did not err in refusing to impose Rule 11 sanctions against Wulff. *See Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers,* 989 F.2d 1534, 1546 (9th Cir.1993).

### 12. Recusal

■ Appellants' argument that the district judge should have recused himself is meritless. "[I]n the absence of some extrajudicial source of bias or impartiality," statements made by a judge during the course of trial or in an opinion are insufficient to support a recusal challenge. *United States v. Martin,* 278 F.3d 988, 1005 (9th Cir.2002). Here, Appellants accused the district judge of bias only *after* learning of his unfavorable ruling, and they base their challenge on that opinion. This is not enough to demonstrate bias or impartiality.

**AFFIRMED.**