[No. B222988. Second Dist., Div. Three. Sept. 27, 2011.]

MOHAMMAD CHITSAZZADEH et al., Plaintiffs and Respondents, v. KRAMER & KASLOW et al., Defendants and Appellants.

**COUNSEL**

Law Office of Michael R. Sohigian and Michael R. Sohigian for Defendants and Appellants.

Law Offices of Afzali & Behjatnia and Dominic K. Afzali for Plaintiffs and Respondents.

**OPINION**

**CROSKEY, J.**—Kramer & Kaslow, Philip A. Kramer and John S. Birke (collectively Defendants) appeal an order striking their special motion to strike (Code Civ. Proc., § 425.16)[1] and awarding $900 in attorney fees to Mohammad Chitsazzadeh and Mansoureh Shajari (collectively Plaintiffs) as prevailing plaintiffs on the motion. The trial court found that Defendants filed the special motion to strike more than 60 days after service of the complaint and therefore granted Plaintiffs' request to strike the motion as untimely under section 425.16, subdivision (f). The court also found that the motion was frivolous because it was clearly untimely and awarded attorney fees under section 425.16, subdivision (c)(1).

---

[1] All statutory references are to the Code of Civil Procedure unless stated otherwise. Section 425.16 is known as the anti-SLAPP statute. SLAPP is an acronym for strategic lawsuit against public participation.

The trial court properly denied the special motion to strike as untimely. Plaintiffs, however, are not entitled to an attorney fee award because the record does not support the trial court's finding that the motion was frivolous or intended solely to cause unnecessary delay.[2] We therefore will affirm the order as to the denial of the special motion to strike and reverse the order as to the attorney fee award.

## FACTUAL AND PROCEDURAL BACKGROUND

Kramer & Kaslow, a law firm, and Kramer, as a member of the firm, represented Brake Land, Inc., and Abolfalz Sharjari as plaintiffs in a prior action. Birke also was a member of the firm. Chitsazzadeh and Mansoureh Shajari were awarded summary judgment as defendants in that action.

Plaintiffs filed their complaint for malicious prosecution in the present action in July 2009. Defendants filed a demurrer to the complaint in December 2009. Defendants also filed a special motion to strike pursuant to section 425.16 on January 13, 2010, arguing that Plaintiffs' complaint arose from Defendants' constitutionally protected petitioning activity and that Plaintiffs could not establish a probability of prevailing on the merits.

Plaintiffs argued in opposition that Defendants had failed to file their special motion to strike within 60 days after service of the complaint as required by section 425.16, subdivision (f), and had failed to request leave of court to file an untimely motion, so the motion should be stricken. Plaintiffs further argued that because it was untimely, the special motion to strike was frivolous and made solely for purposes of delay, and that Plaintiffs therefore were entitled to an award of attorney fees as a monetary sanction under sections 425.16, subdivision (c)(1) and 128.5.

Defendants argued in reply that they were never properly served with the complaint and that, under the doctrines of equitable estoppel and judicial estoppel, Plaintiffs' failure to seek their defaults precluded Plaintiffs from asserting that Defendants were served with the complaint more than 60 days before the filing of the special motion to strike. Defendants also argued that their special motion to strike should not be stricken because Plaintiffs had failed to file a timely motion to strike.

The demurrer and special motion to strike both were heard on February 11, 2010. The trial court issued a tentative ruling stating that (1) both the

---

[2] We regard the order striking the special motion to strike as a denial of the motion, and therefore an appealable order. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).) An attorney fee award in connection with the denial of a special motion to strike is sufficiently interrelated with the denial that the fee award is reviewable on appeal from the order denying the special motion to strike. (*Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 275 [117 Cal.Rptr.3d 153]; but see *Doe v. Luster* (2006) 145 Cal.App.4th 139, 145–150 [51 Cal.Rptr.3d 403].)

demurrer and the special motion to strike were untimely, and the demurrer also lacked substantive merit; (2) Defendants were served by substituted service on September 22, 2009; (3) they failed to file their special motion to strike within 60 days after that date; (4) they were required to but did not seek leave of court before filing their untimely special motion to strike; (5) the special motion to strike therefore should be stricken; (6) the court had received no reply in support of the special motion to strike; and (7) Defendants should have been aware of the 60-day deadline to file a special motion to strike and, absent a reply explaining why the motion was not frivolous, Plaintiffs were entitled to an award of $900 in attorney fees as a monetary sanction under section 425.16, subdivision (c)(1).

The trial court overruled the demurrer on February 11, 2010. The court then heard argument on the special motion to strike at that time and took the matter under submission. The court filed an order on February 18, 2010, finding that Defendants were served by substituted service on September 22, 2009, and that Plaintiffs' request to strike the special motion to strike as untimely was, in effect, an opposition to the special motion to strike. The court concluded that its tentative ruling was correct and adopted it as the court's final decision. Defendants timely appealed.[3]

## CONTENTIONS

Defendants contend (1) the trial court failed to consider their special motion to strike on the merits, as required, and had no authority to strike the motion absent a properly noticed motion to strike by Plaintiffs; (2) Defendants should prevail on the merits of their special motion to strike; and (3) the award of attorney fees as a monetary sanction under section 128.5 is unauthorized because section 128.5 applies only in cases where the complaint was filed before 1995.

## DISCUSSION

### 1.  *The Denial of the Special Motion to Strike Was Proper*

■ A special motion to strike is a procedural remedy to dispose of lawsuits brought to chill the valid exercise of the constitutional right of petition or free speech. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055–1056 [39 Cal.Rptr.3d 516, 128 P.3d 713].) A cause of action is subject to a special motion to strike if the defendant shows that the cause of action arises from an

---

[3] Plaintiffs moved to dismiss the appeal and for a monetary sanction for a frivolous appeal. We denied the motion to dismiss before oral argument to allow for full consideration of the issues raised in the appeal. We now deny the request for sanctions as well.

act in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue and the plaintiff fails to demonstrate a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685] (*Equilon Enterprises*).)

A special motion to strike must be filed within 60 days after service of the complaint on the defendant, unless the trial court exercises its discretion to consider a later-filed motion. (§ 425.16, subd. (f).) The clerk must schedule the motion for a hearing within 30 days after the motion is filed, if possible given the court's docket conditions. (*Ibid.*) Section 425.16, subdivision (f) states: "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing." The purpose of these timing requirements is to facilitate the dismissal of an action subject to a special motion to strike early in the litigation so as to minimize the cost to the defendant. (*Equilon Enterprises, supra,* 29 Cal.4th at p. 65; *Morin v. Rosenthal* (2004) 122 Cal.App.4th 673, 681 [19 Cal.Rptr.3d 149].)

■ Defendants argue that even a special motion to strike filed after the 60-day deadline must be decided on the merits and cannot be denied or stricken simply for being filed late.[4] Such a requirement would negate the 60-day deadline. (See *Platypus Wear, Inc. v. Goldberg* (2008) 166 Cal.App.4th 772, 785 [83 Cal.Rptr.3d 95] [rejecting the argument that a court should consider any potentially meritorious special motion to strike regardless of when it was filed]; *Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 286 [35 Cal.Rptr.3d 909] ["Discretion to permit or deny an untimely motion cannot turn on the final determination of the merits of the motion."].) In our view, the plain meaning of subdivision (f) considered in the context of section 425.16 as a whole is that a special motion to strike must be filed within 60 days after service of the complaint on the moving defendant, unless the court exercises its discretion to consider a later-filed motion. Although a court may wish to consider the merits of the motion to determine whether the purposes of the anti-SLAPP statute would best be served if the court considered the merits of and granted the motion, the court has the discretion to deny a motion filed after the 60-day deadline without considering the merits of the motion. (*Morin v. Rosenthal, supra,* 122 Cal.App.4th at p. 681; see *Lam v. Ngo* (2001) 91 Cal.App.4th 832, 840 [111 Cal.Rptr.2d 582].)

---

[4] The effect of the order striking the special motion to strike was to deny the motion, as we have stated. Contrary to Defendants' argument, no noticed motion was required to oppose the special motion to strike on the grounds that it was untimely.

## 2. *A Special Motion to Strike Is Not Frivolous or Solely Intended to Cause Unnecessary Delay Simply Because It Was Not Timely Filed*

■   Section 425.16, subdivision (c)(1) expressly mandates an award of attorney fees and costs in favor of any defendant prevailing on a special motion to strike, except in circumstances specified in the statute. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [104 Cal.Rptr.2d 377, 17 P.3d 735].) In contrast, a plaintiff prevailing on the motion is entitled to an award of attorney fees and costs only if the trial court finds that the special motion to strike was frivolous or solely intended to cause unnecessary delay. (§ 425.16, subd. (c)(1).)[5]

■   Section 128.5, subdivision (a) provides for an award of "reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." Subdivision (b)(1) of section 128.5 limits "actions or tactics" as used in the statute to those occurring in proceedings where the complaint was filed on or before December 31, 1994. Section 425.16, subdivision (c)(1) refers to a special motion to strike that "is frivolous or is solely intended to cause unnecessary delay," while section 128.5, subdivision (a) refers to actions or tactics that "are frivolous or solely intended to cause unnecessary delay." Thus, section 425.16, subdivision (c)(1) uses essentially the same language as section 128.5, subdivision (a) to describe the offending conduct. But section 425.16, subdivision (c)(1) authorizes an award of attorney fees and costs in connection with an anti-SLAPP motion "pursuant to Section 128.5" without limitation as to the date of filing of the complaint. Section 425.16, subdivision (c)(1) therefore incorporates the substantive and procedural requirements of section 128.5, but does not incorporate its limitation as to the date of filing of the complaint. (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199 & fn. 9 [10 Cal.Rptr.3d 154].) We reject Defendants' contention to the contrary, but we conclude that the fee award was error for another reason.

Section 128.5, subdivision (b)(2) defines "frivolous" as "(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." A motion is totally and completely without merit for purposes of a finding of frivolousness under section 425.16, subdivision (c)(1) or section 128.5 only if any reasonable attorney would agree that the motion is totally

---

[5] Section 425.16, subdivision (c)(1) states: "Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

devoid of merit. (*Moore v. Shaw, supra,* 116 Cal.App.4th at p. 199.) This is an objective standard. Whether the sole purpose of the motion is to harass an opposing party or the motion is solely intended to cause unnecessary delay, in contrast, concerns the subjective motivation of the moving defendant. (*Wallis v. PHL Associates, Inc.* (2008) 168 Cal.App.4th 882, 893 [86 Cal.Rptr.3d 297].) The moving defendant's subjective motivation can be inferred from the absence of any arguable merit. (*Campbell v. Cal-Gard Surety Services, Inc.* (1998) 62 Cal.App.4th 563, 574 [73 Cal.Rptr.2d 64].) We review a finding under section 425.16, subdivision (c)(1) that a special motion to strike was frivolous or solely intended to cause unnecessary delay for abuse of discretion. (*Moore v. Shaw, supra,* 116 Cal.App.4th at p. 199.)

■ The trial court here found that the special motion to strike was frivolous or solely intended to cause unnecessary delay because Defendants filed the motion after the 60-day deadline without previously seeking leave of court to file an untimely motion.[6] Section 425.16, subdivision (f), however, does not require a moving defendant to request leave of court prior to filing an untimely motion. Instead, subdivision (f) authorizes the court, in its discretion, to consider an untimely motion without restriction as to whether or when the moving defendant so requests.

■ We conclude that a court has the discretion to consider, and grant or deny on the merits, a special motion to strike filed after the 60-day deadline even if the moving defendant fails to request leave of court to file an untimely motion. Because a court has the discretion to consider an untimely special motion to strike, and may very well elect to do so if it appears that the motion has merit, we conclude that the fact that a special motion to strike was filed untimely, standing alone, cannot support a finding that the motion is frivolous or solely intended to cause unnecessary delay. Instead, whether a special motion to strike is totally and completely without merit in this context necessarily depends on the merits of the motion. Similarly, whether the sole purpose of the motion is to harass an opposing party or whether the motion is solely intended to cause unnecessary delay also depends on either the objective merits of the motion or some other indication of the moving defendant's subjective motivation and cannot be inferred from the fact that the motion was untimely.

---

[6] Although the trial court did not expressly find that the special motion to strike was frivolous or solely intended to cause unnecessary delay, its tentative ruling (1) quoted the operative language from section 425.16, subdivision (c)(1); (2) stated that Defendants had failed to respond to Plaintiffs' argument that the motion was frivolous and (3) stated that Plaintiffs were entitled to a monetary sanction under section 425.16, subdivision (c)(1). Later, the court considered Defendants' reply and confirmed its tentative ruling that Plaintiffs were entitled to an award of $900 in attorney fees as a sanction. We conclude that the court impliedly found that the special motion to strike was frivolous or solely intended to cause unnecessary delay.

*Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382 [129 Cal.Rptr.2d 892] (*Decker*) supports our conclusion. *Decker* affirmed the denial of special motions to strike on the grounds that the motions were not noticed for hearing within 30 days after service of the motions.[7] (105 Cal.App.4th at p. 1390.) *Decker* also reversed an attorney fee award in favor of the prevailing plaintiffs under section 425.16, subdivision (c) because the order had failed to "recite in detail the conduct or circumstances justifying the order," as required by section 128.5, subdivision (c). (*Decker, supra,* at p. 1392.) Despite the fact that the motions were not noticed for a timely hearing, as required, *Decker* concluded that the motions were not frivolous or solely intended to harass the plaintiffs and therefore held that there was no basis for an attorney fee award. (*Id.* at pp. 1392–1393.) In so concluding, *Decker* expressly considered the merits of the motions and stated that the motions were not totally and completely without merit. (*Id.* at p. 1393.) *Decker* therefore concluded, "although UDR's special motions to strike were not noticed for a timely hearing, they were not sanctionable." (*Ibid.*) Similarly here, we conclude that the untimely filing of the special motion to strike justifies its denial but does not justify an attorney fee award under section 425.16, subdivision (c)(1).

Courts generally hold that if the trial court failed to specify the reasons for an award of attorney fees as a sanction under section 425.16, subdivision (c)(1) or section 128.5, the order must be reversed with directions to either specify the reasons for the award or deny sanctions.[8] (*Morin v. Rosenthal, supra,* 122 Cal.App.4th at pp. 682–683; *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 997 [35 Cal.Rptr.2d 93].) The trial court here adequately explained in its tentative ruling, later adopted as its final decision, that the fee award is based on Defendants' failure to request leave of court prior to filing their untimely special motion to strike. Because the trial court has already specified the reason for the fee award, and that reason is inadequate, there is no need to request a further statement of reasons. Instead, we believe that the appropriate disposition is to reverse the order awarding fees with directions to deny the request for fees.

---

[7] Section 425.16, former subdivision (f) required not only that a special motion to strike be filed within 60 days after service of the complaint, but also that the notice of hearing specify a hearing date not more than 30 days after service of the motion unless the court's docket conditions required a later hearing date. (*Decker, supra,* 105 Cal.App.4th at p. 1387.) The Legislature amended subdivision (f) in 2005, placing the burden on the court clerk, rather than the moving defendant, to schedule a hearing to occur within 30 days after service of the motion, expressly overruling the holdings in *Decker, supra,* at pages 1387–1390, and *Fair Political Practices Com. v. American Civil Rights Coalition, Inc.* (2004) 121 Cal.App.4th 1171, 1174–1178 [18 Cal.Rptr.3d 157], that the moving defendant's failure to schedule a timely hearing justified the denial of the motion.

[8] Section 128.5, subdivision (c) states, in part, "An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

## *DISPOSITION*

The order of February 18, 2010, is affirmed as to the denial of the special motion to strike and reversed as to the award of attorney fees with directions to deny the request for fees. Each party is to bear its own costs on appeal.

Klein, P. J., and Kitching, J., concurred.