**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANI SUBRAMANIAN, an individual and as a derivative action plaintiff, | No. 09-15598 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-03050-VRW |
| v. | MEMORANDUM[*] |
| QAD, INC., a Delaware corporation with principal place of business in California; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Submitted July 19, 2012[**]
San Francisco, California

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant appeals *pro se* the district court's judgment and orders striking his cause of action for malicious prosecution, dismissing his cause of action for unfair competition, dismissing the remainder of his action for failure to prosecute, and related orders. We affirm.

## 1. Malicious Prosecution Cause of Action

The district court granted appellees' motion to strike appellant's cause of action for malicious prosecution under California Code of Civil Procedure § 425.16, the California anti-SLAPP law. *See Chitsazzadeh v. Kramer & Kaslow*, 130 Cal. Rptr. 3d 910, 912 n.1 (Cal. Ct. App. 2011). We review the grant of a motion to strike under the anti-SLAPP law de novo. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 & 1109 (9th Cir. 2003).

A motion to strike under the anti-SLAPP law is appropriate if the cause of action arises from the defendants' protected activity and the plaintiff cannot demonstrate a probability of prevailing on the challenged cause of action. *Vess*, 317 F.3d at 1110; *Chitsazzadeh*, 130 Cal. Rptr. 3d at 913-14; *Equilon Enterprises v. Consumer Cause, Inc.*, 52 P.3d 685, 694 (Cal. 2002).

A malicious prosecution claim arises from the initiation and prosecution of a lawsuit and falls within the scope of activity protected under the anti-SLAPP

statute. *Jarrow Formulas, Inc. v. LaMarche*, 74 P.3d 737, 741-46 (Cal. 2003); *Paiva v. Nichols*, 85 Cal. Rptr. 3d 838, 847-48 (Cal. Ct. App. 2008).

Appellant cannot demonstrate a probability that his malicious prosecution claim would succeed. Under California law, a malicious prosecution claim requires the plaintiff to show that the underlying action reached a legal termination in his favor. *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 501 (Cal. 1989); *Bertero v. National General Corp.*, 529 P.2d 608, 613 (Cal. 1974). Here, the underlying state litigation was terminated based on a negotiated settlement. "A settlement does not constitute favorable termination of an action for the purposes of a malicious prosecution claim." *Cantu v. Resolution Trust Corp.*, 6 Cal.Rptr.2d 151, 165 (Cal. Ct. App. 1992). Accordingly, the district court properly granted appellees' motion to strike the malicious prosecution cause of action. *Chitsazzadeh*, 130 Cal. Rptr.3d at 913-14.

## 2. Unfair Competition Cause of Action

The district court dismissed appellant's unfair competition cause of action under California *res judicata* law. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). We review de novo dismissals for failure to state a claim based on *res judicata*. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). *Res judicata* precludes lawsuits on "any claims that were raised or could

have been raised in a prior action." *Id.*, quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). In California, *res judicata* applies if the decision in the prior proceeding was final and on the merits and the present proceeding is on the same cause of action as the prior proceeding. *Citizens For Open Gov't v. City of Lodi*, 140 Cal.Rptr.3d 459, 481-82 (2012). Appellant brought claims for unfair competition in the underlying state litigation and in his prior federal action against appellees. In the previous federal case, the district court dismissed the unfair competition claim with prejudice, after which we affirmed. *St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*, 245 Fed. Appx. 588, 591 (9th Cir. 2007). The unfair competition allegations appellant now asserts were litigated or could have been litigated in the prior federal action. The claim is therefore barred by *res judicata*. *Stewart*, 297 F.3d at 956; *Citizens For Open Gov't*, 140 Cal.Rptr. 3d at 481-82.

### 3. Failure to Prosecute

The district court dismissed appellant's action for failure to prosecute under Fed. R. Civ. P. 41(b), after appellant failed to appear at a case management conference, failed to appear at two scheduled depositions, and failed to comply with the district court's orders to provide discovery and pay attorneys' fees. We review an order dismissing an action under Fed. R. Civ. P. 41(b) for abuse of

discretion.  *In Re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  The district court considered proper factors and determined that further delay was not justified and would prejudice the defendants and that less drastic measures, including monetary sanctions and contempt orders, had failed to curb appellant's dilatory conduct.  *See Id.*; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (describing proper factors to consider).  Accordingly, the district court did not abuse its discretion.  *PPA Products*, 460 F.3d at 1226; *Carey*, 856 F.2d at 1440.

**4.      Remaining Contentions**

We have reviewed appellant's remaining contentions, including that the district court erred by imposing sanctions, awarding appellees attorneys' fees, denying leave to make further amendments to the complaint, denying a continuance for further discovery, and denying appellant's recusal challenge. These contentions have no merit.

We have also considered appellant's request to join Vedatech K.K. as a party.  We deny that request.

**AFFIRMED.**

09-15598