Filed 11/6/14  Sanderson v. Nerium International CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN SANDERSON et al., | |
| Plaintiffs and Appellants, | G049533 |
| v. | (Super. Ct. No. 30-2012-00621436) |
| NERIUM INTERNATIONAL, LLC, et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Franz E. Miller, Judge.  Affirmed.

Dorsey & Whitney, Kent J. Schmidt, Karen A. Morao and Lynnda A. McGlinn for Plaintiffs and Appellants.

Blank Rome, Mike Margolis and Timothy J. Martin for Defendants and Respondents.

\*          \*          \*

John Sanderson and George Taylor sued Nerium International, LLC (Nerium), and other individuals and entities for defamation and related claims. The trial court denied a special motion to strike (Code Civ. Proc., § 425.16)[1] filed by Nerium and its chief executive officer, Jeff Olson. After the motion was denied, Sanderson and Taylor filed a motion to recover their attorney fees incurred in opposing it. (*Id.*, § 425.16, subd. (c)(1).) The trial court denied the motion for attorney fees, and Sanderson and Taylor appeal from that order.

The trial court found the special motion to strike was not totally devoid of merit, and was not brought solely for purposes of delay. The denial of attorney fees was not an abuse of discretion. Therefore, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Sanderson and Taylor sued Nerium, Olson, and others for defamation. Nerium and Olson filed a special motion to strike the first amended complaint. The trial court denied the motion and, in a separate, unpublished opinion, we affirmed that order. (*Sanderson v. Nerium International, LLC* (Nov. 6, 2014, G048975) [nonpub. opn.].)

Following the denial of the special motion to strike, Sanderson and Taylor filed a motion for attorney fees, pursuant to Code of Civil Procedure section 425.16, subdivision (c)(1), which provides, in relevant part: "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." The trial court denied the motion for attorney fees, finding "[t]he SLAPP motion was not frivolous and evidence doesn't show it was brought in bad

---

[1] Such special motions to strike are often referred to as anti-SLAPP motions. "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

faith or to delay."  Sanderson and Taylor timely appealed from the denial of the motion for attorney fees.

DISCUSSION

We review the trial court's order denying the motion for attorney fees for abuse of discretion.  (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."  (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.)  "The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria.  'The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action . . . ."  Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.'"  (*Department of Parks & Recreation v. State Personnel Bd*. (1991) 233 Cal.App.3d 813, 831.)

For purposes of ruling on a motion for an award of attorney fees under Code of Civil Procedure section 425.16, subdivision (c)(1), "frivolous" means "'(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party.'  A motion is totally and completely without merit for purposes of a finding of frivolousness under section 425.16, subdivision (c)(1) . . . only if any reasonable attorney would agree that the motion is totally devoid of merit.  [Citation.]  This is an objective standard.  Whether the sole purpose of the motion is to harass an opposing party or the motion is solely intended to cause unnecessary delay, in contrast, concerns the subjective motivation of the moving defendant.  [Citation.]  The moving

3

defendant's subjective motivation can be inferred from the absence of any arguable merit. [Citation.]" (*Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676, 683-684.)

The trial court did not abuse its discretion in determining the special motion to strike was not frivolous. At the hearing on the special motion to strike, the court stated, "you bring up some excellent points in terms of the plaintiffs['] chances of prevailing, I still think they have a reasonable enough chance of prevailing on the merits to go forward." At the hearing on the motion for attorney fees, the court stated: "This is one of those cases that I remember pretty well. One thing I remember about it is I was at least on the verge of a stomachache deciding the SLAPP motion. So it may just be how thick I am, but I thought they had a good shot at it." The trial court's finding is not outside the bounds of reason.

The trial court also did not abuse its discretion in determining the special motion to strike was not brought in bad faith or solely for purposes of delay. Sanderson and Taylor contend Nerium and Olson's delayed discovery responses showed an intent to delay. The record shows Nerium and Olson timely responded to two separate sets of discovery from Sanderson and Taylor, although those responses appear to be incomplete and subject to motions to compel. The special motion to strike was filed 16 days later, after Nerium and Olson's counsel admittedly participated in an unsuccessful meet-and-confer process. Nerium and Olson's use of the statutory deadlines to their advantage does not establish the special motion to strike was brought in bad faith or solely for purposes of delay.

Sanderson and Taylor also rely on the failure of defendants Nerium Biotechnology, Inc. (Biotech), and Nerium Skincare, Inc. (Skincare), to respond to discovery requests as evidence of Nerium and Olson's bad faith. Biotech and Skincare's failure to comply with Sanderson and Taylor's requests cannot be imputed to Nerium and Olson for purposes of the motion for attorney fees. Those entities are represented by a different law firm, and are separate corporate entities from Nerium. Although Sanderson

4

and Taylor claim Biotech is Nerium's parent company, and Skincare is Nerium's partner company, their only support for those claims is the allegations in their own complaint. In a declaration filed in support of Biotech and Skincare's motion to quash service of summons for lack of personal jurisdiction, the secretary-treasurer of both companies averred that the companies do not own, manage, or control Nerium.

DISPOSITION

The order is affirmed. Respondents to recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

5