Filed 12/21/15  Cal. Alliance of Acupuncture Medicine v. Wong CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CALIFORNIA ALLIANCE OF ACUPUNCTURE MEDICINE et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> IRENE LI WONG, <br><br> Defendant and Appellant. | B261970 <br><br> (Los Angeles County <br> Super. Ct. No. EC063206) |

APPEAL from an order of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed in part and reversed in part.

Law Offices of Steve Luan, Steve Luan, for Defendant and Appellant.

The Liu Law Firm, Long Z. Liu, for Plaintiff and Respondent.

_____

Irene Wong appeals the denial of her motion to strike under Code of Civil Procedure section 425.16.  While Wong ultimately was successful in her demurrers to the claims asserted against her, we find the trial court did not err in finding she had failed to make the necessary showing under the statute.  We affirm the denial of the motion to strike, but reverse the attorney's fee award.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs California Alliance of Acupuncture Medicine and related individuals (collectively CAAM) sued former member Irene Wong in October, 2014.  The complaint alleged five causes of action: defamation; intentional interference with contractual relations; interference with prospective business advantage; negligent interference with prospective business advantage; and breach of fiduciary duty.

As alleged in the complaint, Wong was the Executive Director of CAAM from January 1, 2008, until December 31, 2010.  In 2011, Wong criticized the leadership of the organization in statements, articles and emails, asserting that members of the leadership were embezzling organization funds and were "thugs."  Wong met with members, urging them to resign; she sought refund of her fees and other funds, and urged others to do the same.   Fourteen other members sought refunds; some resigned and joined a rival organization created by Wong's friend.  Wong ultimately sued CAAM, and urged others to join that litigation; that litigation remained pending at the time the complaint in this action was filed.

On November 19, 2014, Wong filed a motion to strike under Code of Civil Procedure section 425.16.[1]  Her primary assertion in that motion was that a single communication, a letter to members dated August 19, 2011, and sent in connection with litigation, formed the basis for all of the claims.  Accordingly, she asserted the letter was both protected by the litigation privilege (Civ. Code, § 47, subd. (b)), and had been

---

[1]     All further statutory references, unless otherwise noted, are to the Code of Civil Procedure.

published, albeit by others, in a public forum of a public association; on those bases, she asserted the action was subject to section 425.16. Wong also demurred to the complaint.

The trial court heard the motion and the demurrer on January 6, 2015, after receiving opposition from plaintiffs. In a lengthy tentative ruling which became the order of the court, the trial court denied the motion to strike, awarded attorney's fees to CAAM, and sustained the demurrer with leave to amend. After plaintiffs filed an amended complaint, and after Wong filed this appeal, the court sustained Wong's demurrer without leave to amend on statute of limitations grounds on April 24, 2015. Wong appealed the denial of her motion to strike; plaintiffs did not cross-appeal.[2]

## DISCUSSION

"Section 425.16, subdivision (b)(1), provides: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' The analysis of an anti-SLAPP motion thus involves two steps. 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] 'Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to

---

[2] The record does not contain a dismissal order following the April, 2015 ruling. While CAAM does not challenge any portion of the trial court's rulings, it does move to dismiss the appeal as frivolous. In connection with that motion, Wong filed a motion to augment. We deny the motion to dismiss, as we do not find the appeal frivolous, applying the standards set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646-651. The motion to augment is moot in light of that ruling.

3

being stricken under the statute.' [Citation.]" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820; accord, *DeCambre v. Rady Children's Hospital-San Diego* (2015) 235 Cal.App.4th 1, 12-13.) The defendant has the burden of proof on the first issue; the plaintiff has the burden on the second issue. (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1520.) We review an order granting a special motion to strike under section 425.16 de novo, "applying the same two-step procedure as the trial court." (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 963.)

A. Wong Did Not Demonstrate That The Complaint Arose From Protected Activity

1. Wong Has Not Demonstrated That Her Actions Were Taken in Contemplation of Litigation

In its ruling, the trial court found that Wong had not met her burden under the first prong of the statute, and that her motion had mischaracterized the allegations of the complaint. The trial court therefore determined that plaintiffs were not required to make a showing on the second prong. We agree.

Section 425.16 requires the moving party to demonstrate an "act in furtherance of the person's right of petition or free speech…in connection with a public issue." (§425.16, subd. (b)(1).) Such an act includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

In this case, the pleadings and record, taken together, demonstrate that the complaint relied on statements in addition to the letter which Wong asserts was the only communication. We consider the entirety of the pleadings and record in determining

4

what speech and conduct is at issue and whether they meet the test imposed by the first prong. "The sole inquiry under the first prong of the anti-SLAPP statute is whether the plaintiff's claims arise from protected speech or petitioning activity. [Citation.] Our focus is on the principal thrust or gravamen of the causes of action, i.e., the allegedly wrongful and injury-producing conduct that provides the foundation for the claims." (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 490-491 (*Castleman*).)

Wong's letter of August 19, 2011, as attached to her motion to strike, concerned her request for a refund of association fees, and for payment of a share of funds carried over from the previous association that had merged with CAAM. It contained no reference to elections; embezzlement, thugs, or entreaties to other members to resign. In contrast to Wong's assertions, the complaint sought relief for defamation based on claims of embezzlement in the first cause of action; interference with contractual relations and prospective business advantage by inducing members to resign and to join another association in the second, third and fourth causes of action; and breach of fiduciary duty by using her position to obtain contact with information to make defamatory statements in the fifth cause of action. Her own request for refund, in this context, played only a minor role in the chain of events at issue.

Wong's characterization of the facts in this court continues to be incomplete, ignoring critical allegations of the complaint while insisting that we focus only on the letter, which she asserts was sent in contemplation of litigation, satisfying her prong one burden. If that were correct, she would have made the prong one showing. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [statement made in connection with an official proceeding, including in contemplation of litigation, need not be in connection with an issue of public significance to come within the statute].) However, the majority of the communications alleged in fact involved statements made to a limited group of people, characterizing CAAM's leadership as embezzlers and thugs, in an alleged attempt to induce others to try to recover funds and to resign from the organization. This body of statements and acts, in context, form the gravamen of the

causes of action; this is the principal focus of our analysis, and Wong has failed to show that the primary focus of her speech and actions was in contemplation of litigation.

### 2. Wong Has Not Demonstrated Statements Regarding An Issue of Public Interest

Wong also argues the allegations detail statements regarding an issue of public interest, and her actions were thus protected under section 425.16, subdivision (e)(4). This argument is inconsistent with the law. While these matters appear to be of great concern to her, and arguably to a relatively small, and specific audience, they are not matters that reach more broadly than the membership of this professional organization. As such, they do not fall within the statute's reach.

To fall within this section of the statute, the conduct and speech must "include attributes that make it one of public, rather than merely private, interest"; "a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest." (*Grenier v. Taylor* (2015) 234 Cal.App.4th 471, 481; see also *Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1347; *DuCharme v. International Brotherhood of Electrical Workers* (2003) 110 Cal.App.4th 107, 118 [issue limited to a "definable portion of the public" must relate to an "ongoing controversy" such that it warrants protection by a statute that embodies encouragement of participation in matters of public significance]; *Rivero v. American Federation of State, County and Municipal Employees, AFL-CIO* (2003) 105 Cal.App.4th 913, 924 [if the challenged statements do not concern an issue of widespread interest, the conduct which they concern must affect a large number of people beyond the direct participants].) Where an issue is not one of widespread public interest, as in this case, but concerns only a limited group, section 425.16, subdivision (e)(4) has been found applicable to only large organizations or conduct that impacts the relevant community in a manner similar to a governmental entity. (*DuCharme, supra,* 110 Cal.App.4th at pp. 115, 118.) These tests are not met by a letter sent by one member to the association, or by private communications with a limited group of members in a small organization, about issues pertaining only to the

governance and finance of that organization. Wong did not meet her burden under the first prong.

B.      The Trial Court Abused Its Discretion in Awarding Attorney's Fees to Plaintiffs

Section 425.16, subdivision (c) permits an award of costs and reasonable attorney's fees to a prevailing plaintiff if the court finds the motion was frivolous or intended to cause unnecessary delay. The trial court found grounds for the award, based on Wong's failure to fully address the allegations of the complaint.

The statute incorporates the sanctions requirements of section 128.5 in making this determination. Under that section, to be found frivolous, the motion must be one that a reasonable attorney would find devoid of merit. (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.) The alternative finding of unreasonable delay is more subjective; it concerns the motivation of the moving party rather than the objective evaluation of counsel. We review a determination under either standard for abuse of discretion. (*Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676, 684-685.)

We find an abuse of discretion in this case. Wong did fail to address the allegations of the complaint in total, rather insisting that they were based on a single written communication. The trial court concluded from this that the attempt to mislead it fairly reflected an acknowledgment by counsel that the motion could not otherwise succeed. However, the trial court ignored the arguments concerning the public interest which, although unsuccessful, are not so completely devoid of merit as to meet the objective test. As the cases discussed above clarify, what is sufficient to satisfy the test for public interest has been heavily litigated over a period of time, with cases making fine distinctions based on factual differences. (See, e.g., the primary case relied on by respondents, *Moore v. Shaw, supra*, 116 Cal.App.4th at p. 199 [determination of frivolous nature of motion based on factual record before the court.]) Considering the entire record, while we agree with the trial court's application of the law on the substantive issues, we cannot say that the record establishes that no reasonable lawyer would find

7

arguable merit in the claim.  As to  delay, a demurrer—a successful demurrer—was filed and heard at the same time; there was no delay.  This record does not support the award of attorney's fees.

## DISPOSITION

The order denying the motion to strike is affirmed the award of costs is reversed. Each party shall bear their own costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.